```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION

BRIAN KEITH EDWARDS,            §
                                §
          Petitioner,           §
                                §
v.                              §   Civil Action No. 4:15-CV-076-Y
                                §
WILLIAM STEPHENS, Director,     §
Texas Department of Criminal    §
Justice, Correctional           §
Institutions Division,          §
                                §
          Respondent.           §
```

## OPINION AND ORDER

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Brian Keith Edwards, a state prisoner, against William Stephens, director of the Texas Department of Criminal Justice, Correctional Institutions Division, Respondent.

After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

### I. FACTUAL AND PROCEDURAL HISTORY

In October 2010 Petitioner was indicted in the 29th Judicial District Court, Palo Pinto County, Texas, Case No. 1299959D, for felony driving while intoxicated (DWI). (Adm. R., Clerk's R.37-38, ECF No. 1-2.) The indictment also included a felony-enhancement paragraph alleging a prior felony conviction for the same offense. On May 6, 2011, a jury found Petitioner guilty, Petitioner pleaded

true to the sentence-enhancement allegation, and the jury assessed his sentence at twenty years' confinement and a $10,000 fine. (*Id.* at 51-52.) Petitioner appealed his conviction, but the Eleventh Court of Appeals of Texas affirmed the trial court's judgment. (*Id.*, Mem. Op., ECF No. 10-5.) Petitioner did not seek further direct review. In July 2014 Petitioner filed a state habeas application challenging his 2011 conviction, raising his claims raised here, which was denied without written order by the Texas Court of Criminal Appeals. (*Id.* Writ WR-82,234-01, cover & Action Taken, ECF Nos. 10-24 & 10-21.) This federal habeas petition followed.

The appellate court set out the facts of the case as follows:

> Troopers Burt Blue and Travis Alewine observed Appellant speeding; the radar reflected that Appellant was driving 80 miles per hour. The speed limit was 60 miles per hour. The troopers made a U-turn, caught up to Appellant's vehicle, and activated the emergency lights on their patrol car. Appellant pulled into the parking lot of a small store. When Trooper Blue approached, he detected the odor of alcohol coming from the car, and he also smelled alcohol on Appellant when he talked to him. Trooper Blue signaled to Trooper Alewine to indicate that "somebody had been drinking in this car." Trooper Blue asked Appellant for his driver's license and insurance, but Appellant did not "have either one." Trooper Blue noticed that Appellant's eyes were red and glazed and that his speech was slurred. Appellant admitted that he had drunk two 24-ounce beers. Additionally, when asked to step out of his vehicle, Appellant was "unsteady on his feet." Appellant refused to participate in any field sobriety tests, including tests on his eyes that he could perform while lying down, because of a knee injury. Appellant was arrested for driving while intoxicated and transported to the local hospital to have his blood drawn. A medical technologist drew the blood, and a forensic scientist later determined that Appellant's

2

<009>

<010>

<011>
<012>
<013>

<014>

<015>

<016>

<017>

<018>

<019>

<020>

<021>

<022>

<023>

<024>

<025>

<026>

<027>

<028>

<029>

<030>

<031>

<032>

<033>

<034>

<035>

<036>

<037>

<038>

<039>

<040>

<041>

blood alcohol concentration was 0.12.

(*Id.*, Mem. Op. 2, ECF No. 10-5.)

## II. ISSUES

In one ground for relief, Petitioner claims that the blood draw was illegally taken without his consent or a warrant pursuant to § 724.012(b)(3)(B),[1] due to his prior DWI convictions, thus the trial court's denial of his motion to suppress "the illegally obtained blood draw evidence" and his trial counsel's failure to preserve the issue for appeal violated his right to federal due process under the Fourth, Fifth, Sixth and Fourteenth Amendments. (Pet. 6 & Pet'r's Mem. 10, ECF Nos. 1 & 10.)

## III. RULE 5 STATEMENT

Respondent does not believe that the petition is barred by

---

[1] Under § 724.012(b)(3)(B),

> (b) A peace officer shall require the taking of a specimen of the person's breath or blood under any of the following circumstances if the officer arrests the person for an offense under Chapter 49, Penal Code, involving the operation of a motor vehicle . . . and the person refuses the officer's request to submit to the taking of a specimen voluntarily:
>
> . . .
>
> (3) at the time of the arrest, the officer possesses or receives reliable information from a credible source that the person:
>
> . . .
>
> (B) on two or more occasions, has been previously convicted or placed on community supervision for an offense under Section 49.04 [DWI] . . . .

TEX. TRANSP. CODE ANN. § 724.012(b)(3)(B) (West 2011).

3

successiveness, the statute of limitations, or a failure to exhaust state-court remedies. (Resp't's Answer 5, ECF No. 11.)

## IV. DISCUSSION

### A. Legal Standard for Granting Habeas Corpus Relief

A § 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established Supreme Court precedent or that is based on an unreasonable determination of the facts in light of the record before the state court. *Harrington v. Richter,* 562 U.S. 86, 100-01 (2011); 28 U.S.C. § 2254(d)(1)-(2). This standard is difficult to meet but "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Harrington*, 562 U.S. at 102.

Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Miller-El v.*

4

*Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas-corpus application without written opinion, as in this case, it is an adjudication on the merits, which is entitled to the presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Under these circumstances, a federal court may assume the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and imply fact findings consistent with the state court's disposition. *Townsend v. Sain,* 372 U.S. 293, 314 (1963)[2]; *Catalan v. Cockrell,* 315 F.3d 491, 493 n.3 (5th Cir.2002); *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001). With these principles in mind, the Court addresses Petitioner's claims.

**B. Discussion**

Petitioner raised his current claims, among others, in his state habeas application and, based on the record, the habeas court found and concluded:

> After having reviewed the pleadings and instruments on file in Cause 14427, The State of Texas vs. Brian Keith Edwards, and the petition on file in this cause, the Court is of the opinion and does hereby find that trial counsel was not ineffective. All other grounds raised by Applicant either were or could have been raised on direct

---

[2]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

5

> appeal. Accordingly, the Court finds that there are no controverted, previously unresolved facts material to the legality of the Applicant's confinement.

(Adm. R., Writ WR-82,234-01, 63, ECF No. 10-24.[3]) In turn the Texas Court of Criminal Appeals denied the application without written order. Accordingly, this Court may assume the state courts applied correct standards of federal law to the facts, absent evidence that an incorrect standard was applied, and infer fact findings consistent with the state courts' disposition.

Underlying Petitioner's claims is his belief that the drawing of his blood was an unconstitutional search and seizure pursuant to the Supreme Court's decision in *Missouri v. McNeely,* — U.S. —, 133 S. Ct. 1552 (2013). In *McNeeley*, a plurality of the court held that the need for a warrant to obtain blood in connection with an arrest for DWI must be determined on a case-by-case basis under the totality of the circumstances. The court observed that the fact that alcohol is metabolized does not create *per se* exigent circumstances. Instead, the constitutionality of a warrantless blood-alcohol test is to be determined on the facts of each case.

Petitioner had the opportunity to litigate his claim of an unlawful search and seizure in state court through the habeas-corpus procedure. Therefore, this claim is barred from federal habeas review. *Stone v. Powell,* 428 U.S. 465, 494 (1976). Further, *McNeely*

---

[3] The state habeas record is not paginated; thus, the pagination in the ECF header is used.

6

was decided in 2013 after Petitioner's conviction. Trial counsel cannot be deemed ineffective for failing to anticipate a case decided after his conviction. "[T]here is no general duty on the part of defense counsel to anticipate changes in the law . . . ." *United States v. Fields,* 565 F.3d 290, 294 (5th Cir. 2009). Petitioner fails to demonstrate deficient performance by trial counsel. *See Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). Thus, the state courts' determination of Petitioner's ineffective-assistance claim comports with *Strickland.*

For the reasons discussed, the Court DENIES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and DENIES a certificate of appealability.

SIGNED May 9, 2016.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE